IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Edna Leon Rosario<br>    Debtor | CHAPTER 13 |
| MidFirst Bank<br>    Movant<br>vs. | NO. 15-17196 AMC |
| Edna Leon Rosario<br>    Debtor | |
| William C. Miller Esq.<br>    Trustee | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by Movant on Debtor's residence is **$1,791.73,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | June 1, 2016 through August 1, 2016 at $240.97 |
| Late Charges: | June 16, 2016 through August 16, 2016 at $9.63 |
| Accrued Late Charges | February 16, 2016 through March 16, 2016 at $9.75, April 16, 2016 at $9.63 |
| Fees & Costs Relating to Motion: | $1,026.00 ($850.00 MFR Fee; $176.00 Court Filing Fee) |
| Post-Petition Suspense | ($15.20) |
| **Total Post-Petition Arrears** | **$1,791.73** |

2. Debtor shall cure said arrearages in the following manner;

a). Debtor shall tender a payment of **$796.10** by August 31, 2016;

b). Beginning September 1, 2016 and continuing through February 1, 2017, until the arrearages are cured, Debtor shall pay the present regular monthly payment of **$240.97** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$165.94** for the months of September 2016 through January 2017 and an installment payment of **$165.93** for the month of February 2017 towards the arrearages on or before the last day of each month at the address below;

**MidFirst Bank, 999 NorthWest Grand Boulevard, Oklahoma City, OK 73118**

c). Maintenance of current monthly mortgage payments to Movant thereafter.

3. Should Debtor provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the court and the court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: September 1, 2016

/s/ Joshua I. Goldman, Esquire
Joshua I. Goldman, Esquire
Attorneys for Movant
KML Law Group, P.C.
Main Number: (215) 627-1322

Date: 9-7-16

Michael Seth Schwartz, Esq.
Attorney for Debtor

Approved by the Court this 8th day of September, 2016. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Ashely M. Chan