United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                       Case No. 15-17196-amc
Edna Leon Rosario                                                            Chapter 13
    Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2          User: Antoinett          Page 1 of 1          Date Rcvd: Sep 08, 2016
                              Form ID: pdf900          Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 10, 2016.
db              +Edna Leon Rosario,    3517 Rand Street,    Philadelphia, PA 19134-1304

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                        TOTAL: 0

     ***** BYPASSED RECIPIENTS *****
NONE.                                                                                        TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 10, 2016                                       Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 8, 2016 at the address(es) listed below:
    ANDREW F GORNALL    on behalf of Creditor    MidFirst Bank agornall@kmllawgroup.com, bkgroup@kmllawgroup.com
    JEROME B. BLANK    on behalf of Creditor    PHH Mortgage Corporation et. al. paeb@fedphe.com
    JOSEPH ANGEO DESSOYE    on behalf of Creditor    PHH MORTGAGE CORPORATION F/K/A PHH MORTGAGE SERVICES CORPORATION paeb@fedphe.com
    JOSEPH PATRICK SCHALK    on behalf of Creditor    PHH MORTGAGE CORPORATION F/K/A PHH MORTGAGE SERVICES CORPORATION paeb@fedphe.com
    JOSHUA ISAAC GOLDMAN    on behalf of Creditor    MidFirst Bank bkgroup@kmllawgroup.com, bkgroup@kmllawgroup.com
    MICHAEL SETH SCHWARTZ    on behalf of Debtor Edna Leon Rosario msbankruptcy@verizon.net
    United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
    WILLIAM C. MILLER    ecfemails@ph13trustee.com,   philaecf@gmail.com
                                                                                                               TOTAL: 8

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Edna Leon Rosario<br>　　　　Debtor | CHAPTER 13 |
| MidFirst Bank<br>　　　　Movant<br>　　vs.<br>Edna Leon Rosario<br>　　　　Debtor<br>William C. Miller Esq.<br>　　　　Trustee | NO. 15-17196 AMC<br><br>11 U.S.C. Section 362 |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by Movant on Debtor's residence is **$1,791.73**, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | June 1, 2016 through August 1, 2016 at $240.97 |
| Late Charges: | June 16, 2016 through August 16, 2016 at $9.63 |
| Accrued Late Charges | February 16, 2016 through March 16, 2016 at $9.75, April 16, 2016 at $9.63 |
| Fees & Costs Relating to Motion: | $1,026.00 ($850.00 MFR Fee; $176.00 Court Filing Fee) |
| Post-Petition Suspense | ($15.20) |
| **Total Post-Petition Arrears** | **$1,791.73** |

2. Debtor shall cure said arrearages in the following manner;

a). Debtor shall tender a payment of **$796.10** by August 31, 2016;

b). Beginning September 1, 2016 and continuing through February 1, 2017, until the arrearages are cured, Debtor shall pay the present regular monthly payment of **$240.97** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$165.94** for the months of September 2016 through January 2017 and an installment payment of **$165.93** for the month of February 2017 towards the arrearages on or before the last day of each month at the address below;

**MidFirst Bank, 999 NorthWest Grand Boulevard, Oklahoma City, OK 73118**

c). Maintenance of current monthly mortgage payments to Movant thereafter.

3. Should Debtor provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the court and the court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:  September 1, 2016

/s/ Joshua I. Goldman, Esquire
Joshua I. Goldman, Esquire
Attorneys for Movant
KML Law Group, P.C.
Main Number: (215) 627-1322

Date: 9-7-16

Michael Seth Schwartz, Esq.
Attorney for Debtor

Approved by the Court this __8th__ day of __September_____, 2016. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Ashely M. Chan